UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: NELNET SERVICING, LLC, CUSTOMER
DATA SECURITY BREACH LITIGATION                                    MDL No. 3053


ORDER DENYING TRANSFER


**Before the Panel**:*  Plaintiffs in the District of Nebraska *Spearman* and *Bump* actions move under 28 U.S.C. § 1407 to centralize this litigation in the District of Nebraska.  This litigation consists of seventeen actions, sixteen of which are pending in the District of Nebraska and one in the Eastern District of Tennessee, as listed on Schedule A.[1]  Plaintiffs in three actions support or do not oppose centralization in the District of Nebraska.[2]  Plaintiffs in two of these actions alternatively propose the Western District of Oklahoma as the transferee district.  All other responding parties—plaintiffs in eight actions and defendants Nelnet Servicing, LLC, and Edfinancial Services, LLC—oppose centralization.  Plaintiffs in seven of these actions and Nelnet alternatively support the District of Nebraska as the transferee district.  Plaintiff in one of these actions (*Kohrell*) and Edfinancial alternatively propose the Eastern District of Tennessee as the transferee district.

On the basis of the papers filed and the hearing session held, we conclude that centralization is not necessary for the convenience of the parties and witnesses or to further the just and efficient conduct of the litigation.  These is no dispute that these actions involve common questions of fact arising from an alleged data breach of Nelnet—one of the largest student loan servicers in the United States—that was discovered in July 2022 and that compromised the personal identifying information of approximately 2.5 million current and former Nelnet account holders.  However, we have emphasized that "centralization under Section 1407 should be the last solution after considered review of all other options."  *In re Best Buy Co., Inc., Cal. Song-Beverly Credit Card Act Litig.*, 804 F. Supp. 2d 1376, 1378 (J.P.M.L. 2011).  These options include agreeing to proceed in a single forum via Section 1404 transfer of the cases, as well as voluntary cooperation and coordination among the parties and the involved courts to avoid duplicative discovery or inconsistent rulings.  *See, e.g.*, *In re Gerber Probiotic Prods. Mktg. and Sales Practices Litig.*, 899

---

* Judge Madeline Cox Arleo did not participate in the decision of this matter.

[1] Since the filing of the motion, the parties have notified the Panel of five related federal actions, all of which were filed in the District of Nebraska or subsequently transferred to that district via an agreed transfer motion under 28 U.S.C. § 1404.

[2] Additionally, plaintiff in a potential tag-along action, *Freeland*, filed a Notice of Waiver of Oral Argument form indicating support for centralization in the District of Nebraska.

- 2 -

F. Supp. 2d 1378, 1379 (J.P.M.L. 2012); *In re Eli Lilly & Co. (Cephalexin Monohydrate) Patent Litig.*, 446 F. Supp. 242, 244 (J.P.M.L. 1978); *see also* Manual for Complex Litigation, Fourth, § 20.14 (2004).

Here, only one of the twenty-two actions in this litigation (including the actions noticed by the parties as related) is pending outside the District of Nebraska. Three actions initially filed in other districts have been transferred to the District of Nebraska through agreed transfer motions under 28 U.S.C. § 1404. Effectively, then, there are two "actions" at issue here—a group of consolidated class actions in the District of Nebraska and a single class action in the Eastern District of Tennessee. Where only a minimal number of actions are involved, the proponent of centralization bears a heavier burden to demonstrate that centralization is appropriate. *See In re Transocean Ltd. Sec. Litig. (No. II)*, 753 F. Supp. 2d 1373, 1374 (J.P.M.L. 2010). Movants have not met this burden here. A reasonable prospect exists that Section 1404 transfer could eliminate the multidistrict character of this litigation. *See Gerber*, 899 F. Supp. 2d at 1380–81. And, even if *Kohrell* is not transferred to the District of Nebraska through Section 1404, informal coordination and cooperation among the involved parties and courts appear quite feasible. Given these available options, we are not persuaded that centralization is needed here.

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

Nathaniel M. Gorton                 Matthew F. Kennelly
David C. Norton                     Roger T. Benitez
Dale A. Kimball

| | |
|---|---|
| IN RE: NELNET SERVICING, LLC, CUSTOMER<br>DATA SECURITY BREACH LITIGATION | MDL No. 3053 |

## SCHEDULE A

<u>District of Nebraska</u>

HERRICK v. NELNET SERVICING, LLC, C.A. No. 4:22−03181
CARLSON v. NELNET SERVICING, LLC, C.A. No. 4:22−03184
BALLARD v. NELNET SERVICING, LLC, C.A. No. 4:22−03185
HEGARTY v. NELNET SERVICING, LLC, C.A. No. 4:22−03186
BEASLEY v. NELNET SERVICING, LLC, C.A. No. 4:22−03187
VARLOTTA v. NELNET SERVICING, LLC, C.A. No. 4:22−03188
HOLLENKAMP v. NELNET SERVICING, LLC, C.A. No. 4:22−03189
SPEARMAN, ET AL. v. NELNET SERVICING, LLC, C.A. No. 4:22−03191
MILLER v. NELNET SERVICING, LLC, C.A. No. 4:22−03193
SIMMONS v. NELNET SERVICING, LLC, C.A. No. 4:22−03194
BIRD v. NELNET SERVICING, LLC, C.A. No. 4:22−03195
JOAQUIN−TORRES v. NELNET SERVICING, LLC, C.A. No. 4:22−03196
FREEMAN, ET AL. v. NELNET SERVICING, LLC, C.A. No. 4:22−03197
SAYERS, ET AL. v. NELNET SERVICING, LLC, C.A. No. 4:22−03203
BUMP, ET AL. v. NELNET SERVICING, LLC, C.A. No. 4:22−03204
KITZLER v. NELNET SERVICING, LLC, ET AL., C.A. No. 4:22−03241

<u>Eastern District of Tennessee</u>

KOHRELL v. NELNET SERVICING, LLC, ET AL., C.A. No. 3:22−00314